UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>TINA-MARIE FINAZZO,<br><br>            Defendant. | CR 11-00383 LEK |

**ORDER DENYING DEFENDANT'S RENEWED EMERGENCY MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE) FILED MARCH 12, 2021 [DKT. NO. 245]**

Defendant Tina-Marie Finazzo ("Finazzo") again moves to reduce her sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582. See Defendant's Renewed Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release) ("Renewed Motion"), filed 3/12/21 (dkt. no. 245), at 2. Plaintiff United States of America ("the Government") opposes the Renewed Motion. See Government's Opposition to Defendant's Emergency Motion for Compassionate Release under the First Step Act ("Response"), filed 3/25/21 (dkt. no. 250).

The Court asked for further briefing from the parties as to whether Finazzo has received a COVID-19 vaccination. See Court Order Regarding Additional Briefing Requested, filed 7/30/21 (dkt. no. 253). The Government provided records that

Finazzo has been fully vaccinated against COVID-19 since April 5, 2021.  See United States' Submission of Further Information Re: Defendant Tina-Marie Finazzo's Current Vaccination Status, filed 8/10/21 (dkt. no. 254).  Finazzo concurred with the Government's representation about her vaccination status.  See Finazzo's Submission Re: Defendant's Vaccination Status, filed 8/13/21 (dkt. no. 255).

For the reasons stated below, Finazzo's Renewed Motion is HEREBY DENIED.

**STANDARD**

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced.  See generally 18 U.S.C. § 3582; Dillon v. United States, 560 U.S. 817, 819 (2010).  As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence for extraordinary and compelling reasons.  Congress did not define what it meant by "extraordinary and compelling", however, the Sentencing Commission described four categories that it defined as "Extraordinary and Compelling Reasons."  U.S.S.G. § 1B1.13 cmt. n.1.  This Court is not bound by the Sentencing Commission's categories for extraordinary and compelling as U.S.S.G. § 1B1.13

is not a policy statement applicable to the Renewed Motion. Specifically,

> the current version of U.S.S.G. § 1B1.13 is not an "applicable policy statement[ ]" for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. In other words, the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant. The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding. See Gunn, 980 F.3d at 1180.

United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

Finazzo is required to demonstrate exhaustion of administrative remedies and that "extraordinary and compelling reasons" exist to warrant sentence reduction. In deciding the latter requirement, the Court may consider (but is not bound by) the Sentencing Commission's statements in U.S.S.G. § 1B1.13.

## DISCUSSION

The background of this matter is familiar to the parties and need not be repeated here. See Memorandum in Support of Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release) ("Memorandum in Support of Renewed Motion"), filed 3/21/21 (dkt. no. 245-3), at 2–3.

### I. Exhaustion

Section 3582(c)(1)(A) imposes "a statutory exhaustion requirement" that "must be 'strictly enforced.'" United States v. Monzon, 99cr157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y.

3

Feb. 4, 2020) (alteration omitted) (quoting Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)). It is agreed that Finazzo:

> submitted her request to the warden of the Federal Prison Camp at FCC Victorville December 16, 2019. On January 15, 2020, a response was delivered to Finazzo through her counselor from the Warden. The response was effectively a denial. In it, the Warden claimed Finazzo's request did "not clearly identify an extraordinary or compelling circumstance which could not reasonably have been foreseen by the court at the time of sentencing."

[Order Denying Defendant's Motion for Compassionate Release Under the First Step Act, filed 4/16/20 (dkt. no. 224), at 5.] Finazzo has not administratively appealed a denial of her request to the Federal Bureau of Prisons ("BOP") to bring a motion for compassionate release on her behalf, but more than thirty days has lapsed since the warden of her facility received her request. She has thus met the statutory exhaustion requirement. See § 3582(c)(1)(A).

## II.  Extraordinary and Compelling Reasons

A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

> Congress never defined the term "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 18 U.S.C. § 944(t) [sic]. Rather, Congress

4

>directed the Sentencing Commission to define the term.  The Commission did so prior to the passage of the First Step Act, which amended section 3852(c)(1)(A) to allow prisoners to directly petition courts for compassionate release and removed the BOP's exclusive 'gatekeeper' role. See United States v. Rodriguez, No. 2:03-cr-00271, 2020 WL 1627331, at *2 (E.D. Pa. Apr. 1, 2020).

United States v. McCarthy, CRIM. CASE NO. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020) (some alterations in McCarthy).

The Sentencing Commission provides, in pertinent part, the following:

>[T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent . . . applicable, the court determines that–
>
>>(1)(A) extraordinary and compelling reasons warrant the reduction; . . .
>>
>>(2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>>(3)  the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  The Commission defined "extraordinary and compelling" with three specific qualifying reasons in the Application Notes to section 1B1.13 which entail:  (1) medical condition of the defendant (*i.e.*, that the defendant is

suffering from a terminal illness or one which is serious, involves serious functional or cognitive impairment, or has deteriorating health because of aging); (2) the defendant is at least 65 years old, experiencing serious deterioration because of aging, and has served the lesser of 10 years or 75 percent of her term of imprisonment; (3) family circumstances (such as death or incapacitation of caregiver for the defendant's minor children or spouse).  U.S.S.G. § 1B1.13, cmt. n.1(A)-(C).  Finazzo does not meet any of these qualifying reasons.

There is a catch-all reason where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the three specific qualifying reasons.  Id., cmt. n.1(D).  The BOP Director does not appear to have made such a determination regarding Finazzo.

Finazzo submits that her age (57 years old), body mass index (BMI) of 30, and her history of hepatitis C are risk factors that place her at a higher risk of serious illness or death should she contract COVID-19.  [Mem. in Supp. of Renewed Motion at 10-11, 13.]  She has been fully vaccinated for COVID-19 since April 5, 2021.  See United States' Submission of Further Information Re: Defendant Tina-Marie Finazzo's Current Vaccination Status, filed 8/10/21 (dkt. no. 254; Finazzo's Submission Re: Defendant's Vaccination Status, filed 8/13/21

6

(dkt. no, 255).  Finazzo's argument that it is possible that she may remain susceptible to infection despite her vaccination status is unavailing.  "COVID-19 vaccines are effective against severe disease and death from variants of the virus that causes COVID-19 currently circulating . . ., including the Delta variant."  https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited Sept. 23, 2021).  The possibility of contracting COVID-19 falls far short of demonstrating an extraordinary and compelling reason.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release) filed 3/12/21, is HEREBY DENIED.

IT IS SO ORDERED.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. TINA-MARIE FINAZZO; CR 11-00383 LEK; ORDER DENYING DEFENDANT'S RENEWED EMERGENCY MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE)**